UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

JARVIS-RAY: CAMPBELL, Living Man, Private Individual, c/o PO Box 271 Brookshire, Texas [77423] Phone: 832-544-9897 Plaintiff,

v.

TROOPER CHARLES ANDERSON-GOODMAN (#16379), Individually and in Official Capacity;

TEXAS DEPARTMENT OF PUBLIC SAFETY (DPS);

STEVE McCRAW, Director of DPS, Official Capacity;

STATE OF TEXAS, Defendants.

United States Courts
Southern District of Texas
FILED
NOV 19 2025
Nathan Ochsner, Clerk of Court

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND JURY TRIAL DEMAND

I. INTRODUCTION This lawsuit arises from a malicious, discriminatory, and unconstitutional stop, detention, handcuffing, and warrantless search performed by DPS Trooper Charles Anderson-Goodman on May 22, 2025. Plaintiff was fully compliant and provided identification, yet was handcuffed, searched, and subjected to profiling without any lawful cause or probable justification.

II. JURISDICTION AND VENUE Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue is proper in the Southern District of Texas because the events occurred in Waller County.

Jarvis-Ray: Campbell
1418 Farm 362 Brookshire TX 77423
Pottingarolling1005@gmail.com
832-544-9897

III. PARTIES Plaintiff is a private living man domiciled in Waller County. Defendant Trooper Charles Anderson-Goodman acted under color of state law. DPS and Director Steve McCraw are responsible for training, supervising, and disciplining troopers. The State of Texas is named for declaratory relief.

IV. FACTUAL ALLEGATIONS Plaintiff was stopped at approximately 4:40 AM on May 22, 2025, based on a fabricated and legally invalid traffic allegation. Texas law requires only two functioning brake lamps, which Plaintiff had. Despite this, Plaintiff was detained, handcuffed, and searched without consent or probable cause. The trooper reached into Plaintiff's pockets, removed his wallet, and searched its contents unlawfully. Trooper also made a profiling statement: "He is one of them."

V. CAUSES OF ACTION COUNT 1 – Fourth Amendment (42 U.S.C. § 1983) Defendants violated Plaintiff's rights by performing an unlawful stop, detention, handcuffing, and search without lawful cause.

COUNT 2 – Fourteenth Amendment Due Process Plaintiff was deprived of liberty without lawful justification.

COUNT 3 – Equal Protection Violation Defendants treated Plaintiff differently than similarly situated individuals and engaged in profiling.

COUNT 4 – Monell Liability (DPS) DPS failed to train, supervise, or discipline its officers adequately.

COUNT 5 – Declaratory Relief Plaintiff seeks a declaration that Defendants violated his constitutional rights.

VI. DAMAGES Plaintiff seeks compensatory damages of $1,000,000, punitive damages, costs of suit, and all additional relief deemed proper by the Court.

VII. JURY DEMAND Plaintiff demands a trial by jury.

Respectfully submitted, Jarvis-Ray: Campbell

CASE LAW ADDENDUM – FEDERAL CIVIL RIGHTS SUPPORT

1. Delaware v. Prouse, 440 U.S. 648 (1979) Police cannot stop vehicles without reasonable suspicion. Random or fabricated stops violate the Fourth Amendment.

2. Heien v. North Carolina, 574 U.S. 54 (2014) A stop based on a non-existent or misunderstood law is unconstitutional unless the mistake is objectively reasonable.

3. United States v. Lopez-Valdez, 178 F.3d 282 (5th Cir. 1999) In the Fifth Circuit, if the officer is wrong about the law, the stop is invalid.

4. Terry v. Ohio, 392 U.S. 1 (1968) Detention requires specific, articulable suspicion. Without it, detention becomes unlawful.

5. United States v. Brignoni-Ponce, 422 U.S. 873 (1975) Stops cannot be based on profiling, appearance, or discriminatory factors.

6. United States v. Newton, 369 F.3d 659 (2d Cir. 2004) Handcuffing during a stop transforms it into an arrest requiring probable cause.

7. United States v. Sanders, 994 F.2d 200 (5th Cir. 1993) Handcuffing without legal justification is an unlawful arrest.

8. Arizona v. Gant, 556 U.S. 332 (2009) Searches require probable cause or consent; unlawful arrest makes searches invalid.

9. Chimel v. California, 395 U.S. 752 (1969) Search incident to arrest is only allowed if the arrest is lawful. Illegal arrest = illegal search.

10. Florida v. Royer, 460 U.S. 491 (1983) Police may not seize or search items such as wallets or identification without consent or probable cause.

11. Sibron v. New York, 392 U.S. 40 (1968) Going into someone's pockets without justification violates the Fourth Amendment.

12. Wong Sun v. United States, 371 U.S. 471 (1963) Fruits of the poisonous tree: all evidence obtained after an illegal stop is inadmissible.

13. Whren v. United States, 517 U.S. 806 (1996) Selective enforcement and discriminatory intent violate Equal Protection.

14. Village of Arlington Heights v. Metropolitan Housing, 429 U.S. 252 (1977) Statements revealing discriminatory intent prove Equal Protection violations.

15. Hope v. Pelzer, 536 U.S. 730 (2002) Qualified immunity does not protect officers who violate clearly established rights.

16. Monell v. Department of Social Services, 436 U.S. 658 (1978) Agencies are liable for failure to train, supervise, or discipline their officers.

17. Graham v. Connor, 490 U.S. 386 (1989) Use of force, including handcuffing, must be objectively reasonable. Unnecessary handcuffing violates the Constitution.

18. United States v. Zavala, 541 F.3d 562 (5th Cir. 2008) Seizing or searching ID/wallets without cause violates the Fourth Amendment.

END OF CASE LAW SUMMARY

## INTENT

NOTICE OF INTENT TO SUE – STATE OF TEXAS

From: Jarvis-Ray: Campbell, Private Individual

This serves as formal notice of Plaintiff's intent to sue the State of Texas, DPS, Trooper Anderson-Goodman, and Director McCraw for constitutional violations arising from the May 22, 2025 encounter.

## EVIDENCE DECLARATION – VIDEO & PHOTO RECORDINGS

I, Jarvis-Ray: Campbell, hereby declare and affirm that I am in possession of the following evidence related to the unlawful stop, detention, handcuffing, and warrantless search committed by DPS Trooper Charles Anderson-Goodman (#16379) on May 22, 2025:

1. Phone Video Recording I personally recorded the encounter using my mobile phone. This recording captures the initial stop, my identification, my cooperation, the officer's actions, verbal statements, and the unlawful search of my pockets and wallet.

2. Photographs I possess photographs taken before, during, or after the incident which document lighting conditions, vehicle condition, and any additional facts relevant to the case.

3. Official DPS Bodycam DVD I possess an official DVD copy of the DPS bodycam footage obtained through a public records request. This recording corroborates the events captured on my phone and confirms the officer's actions as described.

These items constitute important evidence and will be presented as exhibits in support of my federal civil rights claim pursuant to 42 U.S.C. § 1983.

I declare under penalty of perjury that the above statements are true and correct.

_Jarvis-Ray: Campbell 11-19-25_ Jarvis-Ray: Campbell Private Individual